# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DEBORAH J. MCGREGOR, M.D.,
      Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,
      Agency.

DOCKET NUMBER
AT-1221-15-0846-W-2

DATE: July 5, 2016

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Sarah Dragotta</u>, Esquire, Exton, Pennsylvania, for the appellant.

<u>Tsopei Robinson</u>, Montgomery, Alabama, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review. We AFFIRM the administrative judge's finding that the Board lacks jurisdiction over the appellant's appeal under

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

5 U.S.C. chapter 75, VACATE the administrative judge's finding that the Board lacks jurisdiction over the appellant's appeal as an individual right of action (IRA) appeal, and REMAND the case to the regional office for further adjudication in accordance with this Order.

## BACKGROUND

¶2      Effective August 15, 2010, the agency appointed the appellant to an excepted-service position as a Physician with the agency's Central Alabama Veterans Healthcare System (CAVHS) under the authority of 38 U.S.C. § 7401(1). *McGregor v. Department of Veterans Affairs*, MSPB Docket No. AT‑1221‑15‑0846‑W‑1, Initial Appeal File (W-1 IAF), Tab 11 at 13.  Her appointment was subject to a 2‑year trial period.[2]  *Id.*  By letter dated December 7, 2011, the agency informed the appellant that she would be terminated during her trial period, effective December 28, 2011, based on the recommendation of the agency's Professional Standards Board (PSB), which found that the appellant had engaged in "substandard care, professional misconduct, or professional incompetence."  *Id.* at 16.

¶3      On September 1, 2015, the appellant filed a Board appeal, challenging her termination and the agency's "threat" to report the PSB's findings to the National Practitioner Data Bank (NPDB) and State Licensing Board of any state in which she was licensed to practice medicine.  W-1 IAF, Tab 1 at 3, 5, 7.  The appellant further alleged that she received an unsatisfactory performance rating, was ridiculed and denied clinical support, and that "[p]rohibited personnel practices occurred" after she reported a lack of equipment, issues with staff assignments,

---

[2] In documentation submitted below, the agency referred to the appellant's 2‑year trial period as a "probationary period."  W-1 IAF, Tab 11 at 13, 16.  However, as an employee in the excepted service, the appellant was serving a trial period, rather than a probationary period.  *See El v. Department of Commerce*, 123 M.S.P.R. 76, ¶ 4 n.5 (2015) (clarifying that an employee in the excepted service was serving a trial period, rather than a probationary period).

and the absence of security guards at CAVHS. *Id*. at 5. On her appeal form, the appellant indicated that she had filed a complaint with the Office of Special Counsel (OSC), *id*. at 4, and she submitted a closure letter and notice of Board appeal rights from OSC, dated August 27, 2015, which indicated that OSC had terminated its inquiry into her complaint, *id*. at 16‑17.

¶4        The administrative judge issued an order, which set forth the requirements for establishing jurisdiction over an individual right of action (IRA) appeal under the Whistleblower Protection Enhancement Act of 2012 (WPEA), Pub. L. No. 112-199, 126 Stat. 1465, and ordered the appellant to submit evidence and argument regarding the Board's jurisdiction over her appeal. W-1 IAF, Tab 3. After the appellant responded, W‑1 IAF, Tab 5, the agency moved to dismiss the appeal for lack of jurisdiction, arguing, among other things, that the Board lacked jurisdiction over the appellant's claims as an IRA appeal because she was appointed under 38 U.S.C. § 7401(1), and was terminated for reasons involving her professional conduct or competence, W‑1 IAF, Tab 11 at 8‑10.

¶5        Thereafter, the administrative judge issued a show cause order requiring the appellant to submit evidence and argument regarding the Board's jurisdiction over her appeal. W-1 IAF, Tab 14. In response, among other things, the appellant requested that the administrative judge defer ruling on her Board appeal until the Pennsylvania State Board of Medicine completed proceedings in a disciplinary action against her. W‑1 IAF, Tab 15 at 12‑13. Based on the appellant's request, the administrative judge dismissed the appeal without prejudice. W-1 IAF, Tab 16, Initial Decision (W-1 ID) at 2.

¶6        On December 22, 2015, the appellant refiled her appeal, attaching a December 7, 2015 order of the Pennsylvania State Board of Medicine and a NPDB state licensure action report.[3] *McGregor v. Department of Veterans*

---

[3] The appellant's refiled appeal was captioned erroneously as a petition for review of the initial decision dismissing her prior appeal without prejudice. *McGregor v.*

*Affairs*, MSPB Docket No. AT-1221-15-0846-W-2, Appeal File (W-2 AF), Tab 1 at 3, 7‑33, 37‑38, 42‑43. The appellant argued that these documents established that she did not engage in substandard care, professional misconduct, or professional incompetence, as alleged in the agency's December 7, 2011 letter notifying her of her termination.[4] *Id*. at 3, 41.

¶7 Without holding the appellant's requested hearing, W‑1 IAF Tab 1 at 2, the administrative judge dismissed the refiled appeal for lack of jurisdiction. W‑2 AF, Tab 3, Initial Decision (W‑2 ID) at 1. He found that the appellant could not directly appeal her termination to the Board because she was not an "employee" with 5 U.S.C. chapter 75 appeal rights. W‑2 ID at 3‑4. Citing *Cochran v. Department of Veterans Affairs*, 67 M.S.P.R. 167, 174 (1995), he found that the Board lacked jurisdiction over the appellant's claims as an IRA appeal because, although the appellant had exhausted her administrative remedies with OSC, she was an agency physician appointed under 38 U.S.C. § 7401(1) and her termination involved a question of professional conduct or competence. W‑2 ID at 6‑7.

¶8 The appellant has filed a petition for review of the initial decision, in which she reiterates her arguments that the Board has jurisdiction over her appeal

*Department of Veterans Affairs*, MSPB Docket No. AT-1221-15-0846-W-2, Appeal File, Tab 1 at 3. However, the appellant did not seek review of the decision to dismiss her appeal without prejudice, but instead argued that the Board had jurisdiction over her appeal. *Id*.

[4] The Pennsylvania State Board of Medicine found that the appellant was subject to disciplinary action based on the agency's termination of her employment and revocation of her privileges. W-2 AF, Tab 1, at 30. However, it concluded that there was a lack of specific information in the record regarding the majority of the appellant's alleged actions at issue, and, based on the appellant's testimony, a public reprimand was a sufficient sanction, *id.* at 30‑32. The NPDB state licensure action report indicated that the appellant's reprimand by the Pennsylvania State Board of Medicine was not "[b]ased on the Subject's Professional Competence or Conduct, Which Adversely Affected, or Could Have Adversely Affected, the Health or Welfare of Patient(s)." *Id*. at 38.

because she did not engage in substandard care, professional misconduct, or professional incompetence. Petition for Review (PFR) File, Tab 1 at 4‑6. The agency has responded in opposition to the petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge correctly found that the Board lacks jurisdiction over the appellant's claims as a direct appeal to the Board under 5 U.S.C. chapter 75.

¶9    On review, the appellant challenges the merits of her termination and contends that the agency denied her due process in effectuating her termination. PFR File, Tab 1 at 4, 7. To the extent that the appellant is attempting to directly appeal her termination to the Board as an adverse action under 5 U.S.C. chapter 75, we agree with the administrative judge that the Board lacks jurisdiction over such an appeal. W‑2 ID at 3‑4. Only an "employee," as defined under 5 U.S.C. chapter 75, can appeal an adverse action directly to the Board. *See* 5 U.S.C. §§ 7511(a)(1), 7513(d); *Davison v. Department of Veterans Affairs*, 115 M.S.P.R. 640, ¶ 6 (2011). Pursuant to 5 U.S.C. § 7511(b)(10), as a physician appointed under 38 U.S.C. § 7401(1), the appellant was not an employee with adverse action appeal rights. *Hawker v. Department of Veterans Affairs*, 123 M.S.P.R. 62, ¶ 2 n.1 (2015); *Davison*, 115 M.S.P.R. 640, ¶¶ 6‑7. We further agree with the administrative judge that the appellant was not entitled to the procedural protections of 5 C.F.R. § 315.805 or to appeal her termination for preappointment reasons under 5 C.F.R. § 315.806 because she was appointed to an excepted-service position, and these rights only apply to individuals in the competitive service. W‑2 ID at 3; W‑1 IAF, Tab 11 at 13; *see Mancha v. Department of Homeland Security*, 112 M.S.P.R. 216, ¶ 10 (2009) (finding that 5 C.F.R. § 315.806 does not apply to an appellant appointed to an excepted-service position); *Allen v. Department of the Navy*, 102 M.S.P.R. 302, ¶ 6 (2006) (same).

<u>The administrative judge applied an incorrect legal standard in finding that the Board lacked jurisdiction over the appellant's claims as an IRA appeal.</u>

¶10        Although not raised by the appellant on review, we find that the administrative judge applied an incorrect legal standard in finding that the Board lacked jurisdiction over the appellant's claims as an IRA appeal on the ground that her termination involved a question of professional conduct or competence. W‑2 ID at 6‑7. In reaching this conclusion, the administrative judge relied on *Cochran*, 67 M.S.P.R. 167, a Board decision involving an appeal arising under the 1989 version of the Whistleblower Protection Act (WPA). W‑2 ID at 6; *Cochran*, 67 M.S.P.R. at 168‑69. However, in 1994 amendments to the WPA, Congress provided that, "[f]or purposes of section[ ] . . . 1221" of title 5, "employees appointed under chapter 73 or 74 of title 38 shall be employees." Pub. L. No. 103–424, 108 Stat. 4361, § 7 (1994) (codified at 5 U.S.C. § 2105(f)); *see Cochran*, 67 M.S.P.R. at 169 (acknowledging the 1994 amendments to the WPA, but finding that they did not apply because the appellant's removal predated the effective date of the amendments). Our reviewing court, the U.S. Court of Appeals for the Federal Circuit, has held that, pursuant to the 1994 amendments to the WPA, as codified at 5 U.S.C. § 2105(f), the Board has jurisdiction over IRA appeals filed by agency physicians appointed under 38 U.S.C. chapter 74, regardless of whether the appellant's claim involves a question of professional conduct or competence. *Harding v. Department of Veterans Affairs*, 448 F.3d 1373, 1375‑77 (Fed. Cir. 2006).

¶11        Here, the agency's alleged retaliatory actions at issue occurred in either 2010 or 2011, W‑1 IAF, Tab 1 at 5, 7, Tab 11 at 16, at least 16 years after the effective date of the 1994 amendments to the WPA. *See* Pub. L. No. 103‑424, 108 Stat. 4361, § 14 (providing that the 1994 amendments to the WPA became effective on October 29, 1994, the date that the amendments were enacted). Therefore, pursuant to the Federal Circuit's decision in *Harding*, which is binding

precedent, the fact that the appellant's claims may involve a question of professional conduct or competence does not preclude Board jurisdiction over her appeal. 448 F.3d at 1375‑77. Accordingly, we vacate the administrative judge's finding that the Board lacks jurisdiction over the appellant's claims as an IRA appeal. As discussed below, we remand this appeal for further adjudication.

On remand, the administrative judge shall inform the parties of the proper jurisdictional elements and shall order the submission of additional evidence on the question of OSC exhaustion.

¶12     As an initial matter, in setting forth the burden and elements of proof for establishing jurisdiction over an IRA appeal, the administrative judge's September 23, 2015 order and the initial decision reference the WPEA's expanded IRA appeal rights pertaining to prohibited personnel practices described in 5 U.S.C. § 2302(b)(9)(A)(i), (B), and (C). W‑1 IAF, Tab 3 at 3; W‑2 ID at 5 n.2. However, the alleged retaliatory actions at issue here took place prior to the December 27, 2012 effective date of the WPEA. W‑1 IAF, Tab 1 at 5, 7, Tab 11 at 16‑17; WPEA § 202. Accordingly, the WPEA's expanded IRA appeal rights do not apply retroactively to the appellant's appeal. *See Hicks v. Merit Systems Protection Board*, 819 F.3d 1318, 1320-21 (Fed. Cir. 2016) (finding that the expanded IRA appeal rights in WPEA § 101(b)(1) do not operate retroactively); *Hooker v. Department of Veterans Affairs*, 120 M.S.P.R. 629, ¶¶ 11-15 (2014) (same).

¶13     Instead, the Board has jurisdiction over an IRA appeal under the WPA, such as the instant appeal, if the appellant exhausts her administrative remedies before OSC and makes nonfrivolous allegations that:  (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8); and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

¶14    Regarding the exhaustion requirement, the Board may consider only those disclosures of information and personnel actions that the appellant raised before OSC. *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011). To satisfy the exhaustion requirement, the appellant must inform OSC of the precise ground of her charge of whistleblowing, giving OSC a sufficient basis to pursue an investigation that might lead to corrective action. *Id.*

¶15    Here, the administrative judge's finding that the appellant exhausted her administrative remedies appears to have been based solely on OSC's August 27, 2015 closure letter, W‑2 ID at 2, 6, which indicated that the appellant alleged that she "made disclosures concerning: lack of equipment, poor assignment of available staff, poor patient care, and the absence of security guards," and that she had been terminated and that her medical license might be revoked, W‑1 ID at 6. However, the closure letter did not address the appellant's allegations before the Board that she was given an unsatisfactory performance rating, ridiculed, and denied clinical support. W‑1 IAF, Tab 1 at 5. The record contains an August 3, 2015 letter from the appellant to OSC regarding OSC's preliminary determination to terminate its investigation into her complaint, *id.* at 9‑15, but it does not contain OSC's actual preliminary determination, a copy of her complaint, or other information that she submitted to OSC, although the administrative judge notified the appellant that she could provide such documentation to establish jurisdiction over her appeal, W‑1 IAF, Tab 3 at 7. Based on our review of the existing record, it is unclear whether the appellant exhausted her administrative remedies before OSC regarding each of the alleged personnel actions raised in her Board appeal.

¶16    Furthermore, although OSC's closure letter identifies the general topic of the appellant's alleged protected disclosures, based on the existing record, the precise factual allegations that she purportedly disclosed are unclear, and it is also unclear when and to whom she alleges that she made the disclosures. W-1

IAF, Tab 1 at 9‑17; *see Reeves v. Department of the Army*, 101 M.S.P.R. 337, ¶ 17 (2005) (dismissing an IRA appeal for lack of jurisdiction where an appellant failed to prove that he raised the same set of factual allegations to OSC that he was raising before the Board concerning his alleged protected disclosures).

¶17        The difficulty in determining whether the appellant has exhausted her administrative remedies is compounded by the fact that she has failed to clarify the alleged protected disclosures that she is attempting to raise in her Board appeal.  The administrative judge ordered the appellant to submit a statement, accompanied by evidence, listing, among other things:   (1) her protected disclosures; (2) the date she made the disclosures; (3) the individuals to whom she made the disclosures;  (4) why her belief in the truth of the disclosures was reasonable; (5) the actions that the agency took, failed to take, or threatened to take or fail to take, against her due to the activities; and (6) why she believed that a disclosure was a contributing factor to the action.  W‑1 IAF, Tab 3 at 6‑7.  In response, the appellant, through counsel, submitted an extensive statement recounting the history of her employment with the agency, the merits of her termination, the PSB's findings, an equal employment opportunity complaint and unemployment compensation claim that she filed, and proceedings before the Pennsylvania State Board of Medicine.  W-1 IAF, Tab 5 at 4‑39.  She attached a large volume of documents, W-1 IAF, Tab 5 at 47‑148, Tab 10, and raised numerous allegations, including, but not limited to, allegations regarding a lack of equipment, staffing, patient care, prescription drug abuse and an inadequate number of security guards, the temperature in her office, computer system errors, signing bonuses for agency physicians, and purportedly unreasonable actions taken by her supervisor, Dr. W.N.  W-1 IAF, Tab 5 at 4‑39.  However, after reviewing the appellant's submissions, although it is clear that she takes issue with numerous actions taken by the agency and that she has characterized some of the agency's actions as categories of wrongdoing under 5 U.S.C. § 2302(b)(8), we

are unable to determine which protected disclosures she alleges that she made and to whom and when she contends that she made them. *Id.*

¶18    Accordingly, we vacate the administrative judge's finding that the appellant established that she exhausted her administrative remedies before OSC and remand the case to the regional office. On remand, the administrative judge shall issue a jurisdictional notice informing the appellant of the burden and elements of proof of establishing jurisdiction over an IRA appeal under the WPA, rather than the WPEA. The administrative judge shall afford the parties the opportunity to submit additional evidence and argument regarding the Board's jurisdiction over the appeal, including, but not limited to, an opportunity for the appellant to submit evidence and argument clarifying: (1) which alleged personnel actions and protected disclosures she is raising in her Board appeal; and (2) whether and when she has exhausted her administrative remedies before OSC regarding those alleged personnel actions and protected disclosures.

¶19    The administrative judge also shall afford the parties an opportunity to submit evidence and argument regarding the timeliness of any IRA claims that the appellant exhausted before OSC. OSC's August 27, 2015 closure letter and the appellant's pleadings below reference a previous complaint regarding the agency that the appellant filed with OSC in 2011, which appears to have involved her termination. W-1 IAF, Tab 1 at 17, Tab 5 at 38. However, the appellant's 2011 complaint is not contained in the record, and it is unclear what allegations were raised in the complaint, and whether or when OSC issued a closure letter regarding the complaint. *See* 5 C.F.R. § 1209.5(a)(1) (providing that an IRA appeal must be filed no later than 65 days after the date that OSC issues its closure letter, or, if the letter is received more than 5 days after its issuance, within 60 days of the date of receipt).

¶20    After considering the parties' submissions, the administrative judge shall make findings regarding whether the appellant established jurisdiction over her IRA appeal and whether her claims are timely. The administrative judge then

shall conduct further proceedings as necessary, including a hearing on the merits if the appellant establishes jurisdiction over whistleblower claims that were timely raised before the Board in an IRA appeal, and issue a new initial decision.

## ORDER

¶21     For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.